1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS AFRIKAN WARRIOR, a.k.a. MARCELLUS GREENE,

Plaintiff,

v.

LAUREL OLVERA, et al.,

Defendants.

CASE NO. 1:16-cv-01567-DAD-MJS (PC)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**(ECF No. 1)**

**THIRTY (30) DAY DEADLINE TO AMEND**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening. (ECF No. 1.) He has declined Magistrate Judge jurisdiction. (ECF No. 5.) No other parties have appeared.

I.      **Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii)

II.     **Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.    Plaintiff's Allegations

Plaintiff claims he is "enslaved" at Coalinga State Hospital ("Coalinga") in Coalinga, California pursuant to the Sexually Violent Predator Act ("SVPA"). He names as defendants Laurel Olvera and Cleide Klasson, members of the Unit 8 team. They are sued in their individual capacities.

Plaintiff's allegations are best summarized as follows:

On October 11, 2016, Olvera mocked and ridiculed Plaintiff during a team meeting. Olvera told Plaintiff in a scolding tone not to speak, and she addressed him in

an unprofessional manner. Plaintiff asked why his attorney was not a part of the team. Klasson lied and said she called but received no answer. When Plaintiff "pointed out the contradiction of the statement that was doctored by" the Unit 5 doctor, Vanessa, Plaintiff was told that this was not the proper venue to address the issue. Plaintiff said there would be consequences for Defendants' inaction. Both Defendants looked at Plaintiff with scorn and the situation turned "very hostile", so Plaintiff quickly deescalated before his "level" was taken.

Plaintiff then asked to be moved back into a group in Unit 5 he had left because of a conflict with another patient. Olvera asked Plaintiff why he "bailed" out of the group. Plaintiff was told that patients who were not in Unit 5 were not allowed to be in the SOTP 1 group. At the time, Plaintiff was in Unit 8. Plaintiff states he was moved to Unit 8 in retaliation for making complaints and "rocking the boat." Plaintiff was threatened with a harassment lawsuit.

Olvera and Klasson are both aware of this lawsuit, as they have both seen Plaintiff in the day room writing his complaint. When Plaintiff went to the law library, Olvera gave him the evil eye and clenched her fist.

Plaintiff states that he is not a sexually violent predator. He states that he is being racially profiled. He states that his right to freedom of expression has been violated. He also criticizes the clinical care he receives as a "joke."

Plaintiff alleges violations of the First and Fourteenth Amendments.  He seeks declaratory judgment, injunctive relief, and compensatory and punitive damages.

## IV.   Discussion

Plaintiff's complaint fails to state a claim. He will be granted an opportunity to amend, provided he believes he can meet the pleading standards set forth below.

### A.   Disrespectful Treatment

First, Plaintiff's allegations that Defendants were unprofessional, disrespectful, or mocking toward him fail to state a constitutional claim. See Oltarzewski v. Ruggiero, 830

F.2d 136, 139 (9th Cir. 1987) ("Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983") (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).   Nor do Plaintiff's allegations that Defendants gave him scornful or threatening looks state a claim. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong). Plaintiff may not renew his claims regarding his disrespectful treatment.

### B.    Free Speech

Plaintiff contends that his right to "express himself" has been violated. The right to freedom of expression is protected by the First Amendment. U.S. CONST. amend I. Generally, the right to free speech includes "the right to utter or to print, . . . the right to distribute, the right to receive, the right to read," and the freedom of inquiry and thought. Griswold v. Connecticut, 381 U.S. 479, 482 (1965).   Although detainees retain their right to freedom of expression under the First Amendment, the right may be restricted. Overton v. Bazzetta, 539 U.S. 126, 131 (2003); Bell v. Wolfish, 441 U.S. 520, 545-46 (1979). A restriction on First Amendment rights is valid if it is reasonably related to legitimate institutional interests. Turner v. Safley, 482 U.S. 78, 89 (1987).

At present, Plaintiff's factual allegations do not show that his freedom of expression was violated. It is not clear what Defendants did, if anything, to prevent him from expressing himself in the manner he chose. To the extent Defendants were rude or dismissive of Plaintiff during the October 11, 2016 team meeting, such behavior does not amount to an intrusion on Plaintiff's right to freedom of speech.

### C.    Conditions of Confinement

The Fourteenth Amendment, rather than the Eighth Amendment, provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. Rivera v. Rogers, 224 Fed. Appx. 148, 150–51 (3d Cir. 2007); see Youngberg v. Romeo, 457 U.S. 307, 312 (1982). Such individuals are "entitled to more considerate treatment and conditions of confinement

than criminals whose conditions of confinement are designed to punish." Youngberg, 457 U.S. at 321-22. In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests, with deference shown to the judgment exercised by qualified professionals. Id. at 320-22.

A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322–23. The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Wash. Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and emphasis omitted).

Plaintiff alleges generally that the clinical program at Coalinga is a "joke" and Defendants should allow Plaintiff's attorney to be a part of his team. These allegations are insufficient to show a "substantial departure from accepted professional judgment." Plaintiff will be given leave to amend if he believes he can state a claim regarding his conditions of confinement.

### D.    Retaliation

Section 1983 provides for a cause of action against officials who retaliate against inmates and detainees for exercising their constitutionally protected rights. Pratt v. Rowland, 65 F.3d 802, 806 n. 4 (9th Cir. 1995) ("[R]etaliatory actions by prison officials are cognizable under § 1983.") A viable claim of retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against [the detainee] (2) because of (3) that [detainee's] protected conduct, and that such action (4) chilled the [detainee's] exercise of his constitutional rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th

Cir. 2005); *accord* Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive.  See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence.  Bruce, 351 F.3d at 1289; Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a complaint is constitutionally protected. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989); Cruzan, 497 U.S. at 278.

With respect to the fourth prong, the correct inquiry is to determine whether an official's acts "could chill a person of ordinary firmness from continuing to engage in the protected activity[]." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); see also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

With respect to the fifth prong, a detainee must affirmatively allege that "the "authorities' retaliatory action did not advance legitimate goals of the [] institution or was not tailored narrowly enough to achieve such goals."  Rizzo v. Dawson, 778 F.2d at 532.

Plaintiff alleges that he was moved to Unit 8 from Unit 5 in retaliation for his complaints. However, the Court cannot tell that Defendants were responsible for the reassignment, let alone that Defendants knew of the complaints and moved Plaintiff because of them. Furthermore, other than claiming he can no longer participate in a particular group, Plaintiff does not allege facts to support a finding that such a move was an adverse action that would chill a person of ordinary firmness from exercising a right or that there was no legitimate institutional purpose for the move.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff's retaliation claims will be dismissed with leave to amend.

### E.    Claims Cognizable Only in Habeas Corpus

Plaintiff states he is not a sexually violent predator. To the extent Plaintiff wishes to challenge the fact of his confinement as a sexually violent predator, he may not do so in an action brought pursuant to § 1983. The exclusive method for challenging the fact or duration of Plaintiff's confinement is by filing a petition for a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). See 28 U.S.C. § 2254(a). Plaintiff will not be permitted to renew his claims that he is wrongfully detained.

### V.    Conclusion and Order

Plaintiff's complaint does not state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed October 17, 2016;

3. Within **thirty (30)** days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the undersigned will recommend this action be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   February 3, 2017          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

8