UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS AFRIKAN WARRIOR, a.k.a. MARCELLUS GREENE,<br><br>Plaintiff,<br><br>v.<br><br>LAUREL OLVERA, et al.,<br><br>Defendants. | No. 1:16-cv-01567-DAD-MJS (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER, FAILURE TO PROSECUTE, AND FAILURE TO STATE A CLAIM<br><br>(Doc. No. 9) |

Plaintiff Marvellous Afrikan Warrior, a.k.a. Marcellus Greene, a civil detainee proceeding *pro se* and *in forma pauperis*, filed this civil rights action on October 17, 2016. (Doc. No. 1.) On February 3, 2017, the court screened plaintiff's complaint and dismissed it for failure to state a claim. (Doc. No. 8.) Plaintiff was granted leave to file a first amended complaint within thirty days of that order. *Id*. Plaintiff was also advised that his failure to file an amended complaint would result in the dismissal of this action. *Id*. Over thirty days passed and plaintiff failed to file a first amended complaint, request an extension of time in which to do so, or otherwise respond to the court's order.

Accordingly, on March 23, 2017, the court issued an order directing plaintiff to show cause in writing within fourteen days why this action should not be dismissed for failure to obey a court order. (Doc. No. 9.) Over fourteen days passed since the issuance of the order to show

1

cause and plaintiff has failed to respond to it. Rather than respond to the order to show cause, plaintiff instead filed a "motion to vacate the judgment [entered on March 23, 2017]", arguing only that "I am a civil slave, and I have a socially greater right to procede. U got life and bullshit. U need to get all the facts right b4 U prematurely move. [sic]" (Doc. No. 10.) On April 21, 2017, the assigned magistrate judge denied plaintiff's motion to vacate the judgment as premature because no final judgment had been entered in this action. (Doc. No. 15.)

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises

from the occurrence of unreasonable delay in prosecuting this action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in these proceedings there is nothing available which would constitute a satisfactory lesser sanction while preserving this court's scarce resources. In this regard, plaintiff proceeds *in forma pauperis*, making the imposition of monetary sanctions ineffective.

For these reasons:

1) This action is dismissed for failure to state a claim, failure to obey a court order, and failure to prosecute; and

2) The Clerk of the Court is directed to terminate any pending motions and close this case.

IT IS SO ORDERED.

Dated: **May 12, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

3